UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH SCOTT WRIGHT,

               Petitioner,

    v.

JASON BENNETT,

               Respondent.

CASE NO. 3:22-cv-5621-LK-GJL

REPORT AND RECOMMENDATION

NOTED FOR:  June 2, 2023

      The District Court has referred this action to United States Magistrate Judge Grady J. Leupold. Petitioner Joseph Scott Wright, proceeding *pro se*, filed a federal habeas Petition pursuant to 28 U.S.C. § 2254, seeking relief from two 2019 state court convictions. Dkt. 6. The Court concludes the Petition is time-barred and recommends the Petition be dismissed with prejudice.

## I.    Background

      On February 11, 2019, in the Pierce County Superior Court ("superior court"), Petitioner pleaded guilty to one count of burglary in the second degree under cause no. 18-1-01222-0. Dkt.

1    18-2 at 1–3. On that same date, Petitioner also pleaded guilty to one count each of criminal

2    trespass in the first degree, identity theft in the second degree, and theft in the third degree under

3    Pierce County Superior Court cause no. 19-1-00014-9. Dkt. 18-5 at 1–3. The superior court

4    sentenced Petitioner to 33 months in confinement under cause no. 18-1-01222-0, to be served

5    concurrently to a sentence of 17 months under cause no. 19-1-00014-9. Dkt. 18-3. The superior

6    court also imposed 12 months of community custody under cause no. 19-1-00014-9. Dkt. 18-6 at

7    8–9. Petitioner did not challenge his convictions and sentences in state court, nor did he pursue

8    any state collateral challenge to the two judgments. *See* Dkt. 6.

9         On August 19, 2022, Petitioner initiated this federal action challenging his custody under

10   the 2019 judgments. Dkts. 1, 6. At that time, Petitioner had served his 2019 sentences and was no

11   longer incarcerated for the 2019 convictions. *See* Dkts. 18-8, 18-9. However, Petitioner was still

12   serving his 12 months of community custody imposed under cause no. 19-1-00014-9. Dkts. 6, 8-

13   9.

14        After Petitioner was released from prison, he committed several new offenses in Pierce

15   County in 2021. *See* Dkt. 18-14. After pleading guilty, Petitioner was sentenced in the superior

16   court in November 2022. *See id*. The instant Petition does not challenge Petitioner's custody

17   under any of these 2022 judgments.

18        After issuing several Orders directing Respondent to file an answer in this matter, *see*

19   Dkts. 7, 11, 13, counsel from the Pierce County Prosecuting Attorney's Office filed an Answer

20   to the Petition, Dkt. 18. Counsel for the Washington Attorney General's Office also filed an

21   Answer.[1] Dkt. 24. Both Answers assert the Petition was filed outside of the one-year statute of

22

23   _____

24   [1] In the initial Order on service of the Petition, the Court directed the Clerk's Office to arrange for service upon both the Attorney General's Office and Respondent, who was believed to be the Pierce County Sheriff due to Petitioner's incarceration at the Pierce County Jail. *See* Dkts. 7, 11 However, during these federal habeas proceedings, Petitioner

1  limitations. Dkts. 18, 24. They maintain the Petition is therefore time-barred and should be

2  dismissed with prejudice. Dkts. 18, 24. Petitioner did not file a Reply/Traverse. *See* Dkt.

3  **II.    Discussion**

4  Petitioner filed his Petition on August 19, 2022. *See* Dkts. 1, 6. However, Respondent

5  argues Petitioner filed his Petition after the one-year statute of limitations prescribed by the

6  Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*,

7  and further argues Petitioner is not entitled to any form of tolling that would excuse the late

8  filing. Dkts. 18, 24. Petitioner has not filed a Reply/Traverse.

9  A.    Statute of Limitations

10  Pursuant to the AEDPA, a one-year statute of limitations applies to federal habeas

11  petitions. Section 2244(d)(1) states:

12  A 1-year period of limitation shall apply to an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court. The
13  limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review
14  or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action
15  in violation of the Constitution or laws of the United States is removed, if the
applicant was prevented from filing by such State action;
16  (C) the date on which the constitutional right asserted was initially recognized by
the Supreme Court, if the right has been newly recognized by the Supreme Court
17  and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could
18  have been discovered through the exercise of due diligence.

19  If during the limitations period a "properly filed application for state post-conviction or other

20  collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace*

21  *v. DiGulielmo*, 544 U.S. 408, 410 (2005).

22

23

24  was transferred from the Pierce County Jail to Stafford Creek Corrections Center ("SCCC") and, thus,
Superintendent Jason Bennett at SCCC is now the proper Respondent. *See* Dkt. 22.

In state court, a direct review generally concludes, and the judgment becomes final, either upon the expiration of the time for filing a petition for writ of certiorari with the United States Supreme Court, or when the Supreme Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). However, where a petitioner does not seek direct review, a judgment becomes final on the date that the time for seeking direct review expired. *Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012). In Washington state, a notice of appeal must be filed within 30 days of entry of the trial court's decision. Wash. RAP 5.2(a).

Here, the superior court entered judgments on the 2019 convictions on February 11, 2019. *See* Dkts. 18-3, 18-6. Petitioner did not file a direct appeal and, thus, the judgments became final on March 13, 2019, or 30 days after the time for filing an appeal expired. *See* Wash. RAP 5.2(a).

The AEDPA limitations period began running on March 14, 2019, the day after the judgments became final. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). The limitations period expired one year later, on March 14, 2020. Petitioner did not file his federal Petition until August 19, 2022, which is approximately two years and five months after the limitations period expired. Thus, unless Petitioner can show the statute of limitations was somehow tolled following final judgment in 2020, his federal Petition must be dismissed as time-barred.

Petitioner has failed to make such a showing. In his Petition, Petitioner contends his Petition is timely under 28 U.S.C. § 2244(d) because the Petition is based on newly discovered evidence, and cites to "*State v. Blake* (2021). Retroactive." Dkt. 6 at 13. Although unclear, it appears that Petitioner is relying on § 2244(d)(1)(C) because *State v. Blake*, 197 Wn.2d 170 (Wa. 2021),[2] a Washington State case decided on February 25, 2021, was new law applied

---

[2] In *State v. Blake*, the Washington Supreme Court held that Washington State's strict liability drug possession statute criminalizes unintentional and unknowing possession of controlled substances and is unconstitutional. *State v. Blake*, 197 Wn.2d 170 (Wa. 2021).

1   retroactively and, therefore, was not previously available to him. Dkt. 6 at 13. However, at the

2   time Petitioner initiated this action, *State v. Blake* was no longer "new law;" rather, 18 months

3   passed from the time *State v. Blake* was decided in February 2021 to the date Petitioner filed the

4   present Petition on August 19, 2022. Thus, Petitioner let more than one year lapse, without

5   excuse, before filing his federal Petition. This 18-month gap alone renders the habeas Petition

6   untimely and subject to dismissal as time-barred.

7          As Petitioner did not file the Petition within one year of the date his state court judgments

8   became final and he has not established any statutory tolling of the limitations period, the Court

9   finds the Petition untimely. *See* 28 U.S.C. § 2244(d)(1).

10         B.    Equitable Tolling

11         The AEDPA statute of limitations is subject to equitable tolling where the petitioner

12  pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v.*

13  *Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a

14  petitioner at the very least must show the extraordinary circumstances "were the but-for and

15  proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 F. App'x. 839, 840 (9th Cir.

16  2005).

17         Here, Petitioner does not argue he is entitled to equitable tolling and fails to demonstrate

18  any extraordinary circumstance prevented him from filing a timely habeas petition.[3] *See* Dkt. 6.

19  Therefore, Petitioner fails to show he is entitled to equitable tolling and the Petition is barred by

20  the § 2244 limitations period.

21

22

23         [3] To the extent the Court can construe Petitioner's assertion in the Petition that he only discovered *State v. Blake* in March 2022 and therefore is entitled to equitable tolling, *see* Dkt. 6 at 12, it is well established that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Marsh v.*

24  *Soares*, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

1    **III.    Evidentiary Hearing**

2          The decision to hold an evidentiary hearing is committed to the Court's discretion.

3    *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a

4    hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

5    entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is

6    available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

7    state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

8    entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

9    record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

10   court is not required to hold an evidentiary hearing." *Id*. Further, the Supreme Court has held

11   that, when reviewing a federal habeas petition under 28 U.S.C. § 2254, the federal court may not

12   consider any facts beyond the factual record presented to the state post-conviction relief court –

13   unless one of the limited exceptions of 28 U.S.C. § 2254(e)(2) applies. *Shinn v. Ramirez*, 142 S.

14   Ct. 1718, 1734 (2022).

15         The Court finds it is not necessary to hold an evidentiary hearing in this case because, as

16   discussed in this Report and Recommendation, the Petition may be resolved on the existing state

17   court record.

18   **IV.    Certificate of Appealability**

19         A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

20   court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

21   (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

22   may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

23   constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by

24

1  demonstrating that jurists of reason could disagree with the district court's resolution of his

2  constitutional claims or that jurists could conclude the issues presented are adequate to deserve

3  encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack*

4  *v. McDaniel*, 529 U.S. 473, 484 (2000)).

5    No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or

6  would conclude the issues presented in the Petition should proceed further. Therefore, the Court

7  concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

8  **V. Conclusion**

9    The Petition is untimely as it was filed more than one year after the state court judgment

10  became final. There are no extraordinary circumstances in this case requiring the application of

11  equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period

12  imposed under 28 U.S.C. § 2244(d) and the Court recommends the Petition be **DISMISSED**

13  with prejudice. No evidentiary hearing is required and a certificate of appealability should be

14  denied.

15    Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

16  shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed.

17  R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

18  *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

19  those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

20  *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012)(citations omitted).

21

22

23

24

1    Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the

2  matter for consideration on **June 2, 2023**, as noted in the caption.

3    Dated this 19th day of May, 2023.

4

5

6

7    Grady J. Leupold
     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 8