UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH SCOTT WRIGHT, | CASE NO. 3:22-cv-05621-LK |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| JASON BENNETT, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Grady J. Leupold, to which neither party has filed objections. Dkt. No. 25. As set forth below, the Court Adopts in Part the Report and Recommendation ("R&R") and dismisses Joseph Scott Wright's Petition without prejudice.

### I.    BACKROUND

Mr. Wright, who is appearing pro se and *in forma pauperis*, is currently confined at the Stafford Creek Corrections Center for convictions unrelated to his current petition. Dkt. No. 25 at 1–2. On August 19, 2022, Mr. Wright initiated this action under 28 U.S.C. § 2254, seeking relief from his 2019 convictions in the Pierce County Superior Court. Dkt. Nos. 1, 6. He has already served his sentences related to those convictions. Dkt. No. 25 at 2.

Mr. Wright initially named improper respondents as defendants. *See* Dkt. No. 20 at 1–2; Dkt. No. 22 at 1–2. On April 26, 2023, the Court granted Respondents' motion to substitute the proper Defendant—Superintendent Jason Bennett at Stafford Creek Corrections Center. Dkt. No. 22 at 1–2. Mr. Bennett then filed a response arguing that the Petition is time-barred because it was filed outside the one-year statute of limitations, Mr. Wright did not exhaust his administrative remedies, and he claims are procedurally barred. Dkt. No. 24 at 4–8.

## II.  DISCUSSION

### A.  Standards for Reviewing a Report and Recommendation

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a party objects. 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). However, the Federal Magistrates Act "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see Reyna-Tapia*, 328 F.3d at 1121 ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

### B.  The Report and Recommendation

The Antiterrorism and Effective Death Penalty Act ("AEDPA") (codified at 28 U.S.C. § 2241) prescribes a one-year statute of limitations on federal habeas petitions. Judge Leupold recommended dismissal with prejudice of Mr. Wright's Petition because it is time-barred. Dkt. No. 25 at 7. Although Mr. Wright appeared to claim that his Petition is timely under 28 U.S.C. § 2241(d)(1)(C) due to a Washington State Supreme Court decision finding Washington's strict

liability drug possession statute unconstitutional, that decision was issued more than a year after Mr. Wright filed his petition. *Id*. at 4–5; *see State v. Blake*, 481 P.3d 521 (Wash. 2021); *see also* 28 U.S.C. § 2241(d)(1)(C) (providing that the one-year limitation period "shall run from . . . the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"). Judge Leupold observed that by the time Mr. Wright filed his Petition, "*State v. Blake* was no longer 'new law;' rather, 18 months passed from the time *State v Blake* was decided in February 2021 to the date petitioner filed the present Petition on August 19, 2022." *Id*. at 5. Therefore, even if the statute of limitations did not begin to run until *Blake* was decided, Mr. Wright's petition is still untimely. *See* 28 U.S.C. § 2244(d)(1).

The Court agrees that Mr. Wright's petition is untimely to the extent he relies on 28 U.S.C. § 2241(d)(1)(C) in conjunction with *Blake*. However, Mr. Wright avers in his petition that he did not appeal his state court convictions because of "[n]ewly discovered evidence that [he] was not aware of until March 2022." Dkt. No. 6 at 7. It is unclear whether the "newly discovered evidence" refers to *Blake*. And 28 U.S.C. § 2241(d)(1)(D) provides that the one-year statute of limitations can "run from . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." True enough, Mr. Wright's unadorned assertion of "newly discovered evidence" does not establish the factual predicate of his claims, that such predicate could not have been discovered prior to March 2022, or that some extraordinary circumstance stood in his way and prevented timely filing despite his diligent pursuit of his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Nor does his vague assertion show that some exception to the requirement to exhaust administrative remedies applies here. *See* 28 U.S.C. § 2241(b)(1)(B). But these deficiencies could potentially be cured through amendment. *See James v. Giles*, 221 F.3d 1074, 1077–78 (9th Cir. 2000) (explaining that habeas corpus petitioners

should be allowed a "meaningful opportunity to amend"). Accordingly, Mr. Wright should be afforded an opportunity to amend his petition.

### III.  CONCLUSION

For the foregoing reasons, the Court ADOPTS IN PART the Report and Recommendation, Dkt. No. 25, and dismisses Mr. Wright's Petition without prejudice and with leave to amend. The amended petition must be filed no later thirty (30) days from the date on which this Order is signed. The amended petition must include the same case number as this one. If no amended petition is timely filed, or if Mr. Wright fails to cite to specific new evidence in his amendments, the petition will be subject to dismissal.

The Clerk of the Court is directed to send this Order to Judge Leupold, all counsel of record, and Mr. Wright.

Dated this 26th day of July, 2023.

*Lauren King*

Lauren King
United States District Judge